## Allan C. Story v. The People of the State of Illinois.

1. CANADA THISTLES—*What is Not a Permitting the Same to Mature, etc.*—A non-resident landowner can not be held criminally liable because a stray thistle here and there growing on his land was overlooked and went to seed, when he had, in good faith, done all that could be reasonably expected of him to prevent it.

2. CRIMINAL OFFENSE—*In What it Consists.*—A criminal offense

consists in a violation of a public law, in the commission of which there is a union or joint operation of act and intention, or original negligence.

**Complaint,** for allowing thistles to mature seed.  Trial in the Circuit Court of Kane County; the Hon. GEORGE W. BROWN, Judge, presiding. Finding and judgment of guilty.  Appeal by defendant.  Heard in this court at the May term, 1898.  Reversed.  Opinion filed December 14, 1898.

STORY, RUSSELL & STORY, attorneys for appellant.

FRANK W. JOSELYN, state's attorney, for appellee; IRWIN & EGAN and J. J. KIRBY, of counsel.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a prosecution by complaint and warrant, under Sec. 40, Div. 1, of the Criminal Code, for permitting Canada thistles to mature their seed on land owned by appellant.

In the Circuit Court a jury was waived and the cause tried by the court on an agreed statement of facts resulting in a finding of guilty and the imposition of a fine upon appellant of $10 and costs, for which judgment was entered and appellant prosecutes this appeal.  The agreed statement of facts was as follows:

"Agreed statement of facts, signed by state's attorney and defendant, October 15, 1897:

The defendant in this case was arrested under the warrant herein at Chicago, in Cook county, where he has resided for the last thirty-five years, on the 23d day of November, 1805, by R. K. Plumleigh, constable.  He was taken to Elgin, Kane county, by said constable, before a justice of the peace, the Honorable J. H. Baker.

On the 23d day of November, 1895, the defendant was taken before A. H. Hubbard, a justice of the peace of Kane county, upon a change of venue, and a trial was had upon said charge, which resulted in said justice finding said defendant guilty and sentencing him to pay a fine of $10 and costs, whereupon defendant prayed and perfected an appeal to the Circuit Court of Kane County.

By consent of the parties a jury is waived and the case submitted to the court for trial without prejudice to any other rights of defendant except such waiver of jury.  For that purpose it is further admitted and agreed that the

defendant, during the year 1895, was the owner of a farm of 160 acres of land in the town of Rutland, Kane county, Illinois.

That in December, 1894, said farm and buildings were leased, together with the tools, cattle and other property thereon, by defendant to one Jesse Mallette, for the term of one year, who immediately took exclusive possession thereof, moved upon and occupied the same with his family as his home.

By the terms of the lease Mallette was to do the entire work of managing, cultivating and carrying on the farm, including milking the cows and shipping the milk to Chicago; and also it was expressly agreed that the tenant should see that all 'Canada thistles' and other noxious weeds were cut at the proper time, and that none should be allowed to mature their seeds thereon, so that the same should be disseminated.

By the terms of the lease the crops and produce of the farm were to be divided in the fall, except such as were necessary to support the cattle and horses until spring, Story to receive two-thirds and Mallette one-third, including the money derived from the sale of milk or butter produced on said farm.

Mallette, with his son-in-law, one Swanson, who lived with and worked for him on the farm, continued in the exclusive possession and occupancy of the farm, from December, 1894, until some time in the month of November, 1895, when he surrendered the farm to said Story and left for the East.

In the settlement Story allowed $12 to Mallette for extra work in cutting Canada thistles on the farm that season. A number of Canada thistles, however, were overlooked, and permitted to mature their seed on the farm during that summer, and had matured and disseminated their seed on said farm at the date mentioned in the complaint, though the tenant reported to Story that all had been destroyed, and received $12 extra pay therefor.

Defendant never occupied the farm personally, and never lived in Kane county, but lived in Chicago, where he practiced law during that year.

The service of the warrant was the first information Story had of such neglect of his tenant, or that any complaint was made as to the manner and extent of the work of destroying thistles."

No other evidence was offered or submitted in the cause by either party. Even conceding that the court had juris-

diction of the person of appellant (about which we entertain serious doubt), we are of the opinion the agreed statement of facts does not warrant a conviction.

So much of the section of the statute under which the prosecution was commenced as is applicable to this case is as follows : " Whoever shall  *  *  *  permit any Canada thistle to mature its seed on any land owned or occupied by him so that the same is or may be disseminated, shall be fined not less than $10 nor more than $100," etc.   Other provisions of the law concerning Canada thistles are found in Chapter 18 of the Revised Statutes, which is devoted wholly to that subject.   Section 1 of this chapter provides for the appointment of an official to be known as a " Commissioner of Canada Thistles."   Section 2 prescribes his duties.   Section 3 makes it his duty when Canada thistles are found growing on inclosed land to advise with the owner, agent or occupier, on their treatment, and if he shall deem it necessary he is given power to enter and control the tract infected with the thistles for the purpose of destroying the same.   Section 5 makes it the duty of the commissioner to prosecute any person who might violate the law upon the subject of Canada thistles.   Taking all these various provisions of the law into consideration, we are not inclined to hold that the legislature intended that the nonresident owner of land should be held criminally liable because a stray thistle growing thereon was overlooked and went to seed, when he had in good faith done all that could be reasonably expected of him to prevent it.

Counsel for the people admit these statutes referred to are *in pari materia*, and are to be read and construed together. They also refer to the statutory definition of crime in this State, viz.:

" A criminal offense consists in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." Within this definition appellant was guilty of no crime. There is an entire absence of proof of wrongful intent or criminal negligence.

On the contrary, the agreed statement of facts shows that when appellant rented the farm to Mallette he provided for the cutting and destroying of Canada thistles at the proper time, and that none should be allowed to mature their seeds on the land so that the same should be disseminated. It further appeared that the tenant reported to appellant that all such thistles had been destroyed, and the tenant was paid $12 extra compensation for their destruction. Nevertheless some thistles were overlooked and went to seed. We hold that these thistles were not *permitted* to go to seed so as to be disseminated within the spirit and meaning of this statute, which is highly penal in its nature, and under well known rules must be strictly construed.

Upon a consideration of all the facts and circumstances set forth in the agreed statement of facts, the court hold that the conviction was wrongful and can not be sustained. The judgment will therefore be reversed.